IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.                                                                          **Criminal Action No. 2:05cr82**

**TOBY LEE LOVE,**
**THELMA PHYLLIS MARTIN,**
**TRACY LATRIECE SAVOY,**

       **Defendants.**

## OPINION and ORDER

On March 6, 2006, the court held a hearing with respect to defendant's, Tracy LaTriece Savoy, motion for a continuance, and defendant's, Toby Lee Love, motion to sever the case on speedy trial grounds. For the reasons stated herein and on the record, the court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). Accordingly, the court **GRANTS** defendant Savoy's motion for a continuance and **DENIES** defendant Love's motion to sever the case.

I. Procedural Background

As the procedural background in the instant case is complex, the court addresses only those facts relevant to the instant motions. On June 23, 2005, defendants Tracy LaTriece Savoy and Thelma Phyllis Martin, along with five other co-defendants, were indicted for Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances, in violation of Title 21,

United States Code, Section 846 and Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h). On July 29, 2005, a Superceding Indictment was returned charging defendant Toby Lee Love with the same. Several other defendants were also added to the Superceding Indictment for a total of twelve defendants. Because authorities were unable to locate him, defendant Love did not make his initial appearance in the Eastern District of Virginia until November 15, 2005. The court set the trial in this matter to begin on January 17, 2006.

On November 2, 2005, this court granted the government's motion for Mark Del Duca, defendant Savoy's retained local counsel, to withdraw from the case because of a conflict of interest. On January 10, 2006, after determining that defendant Savoy could not find local counsel to replace Mr. Del Duca, this court appointed Stephen Hudgins as local counsel for defendant Savoy. However, Lance Hamm, a Texas attorney retained by defendant Savoy, remained defendant Savoy's lead counsel. Defendant Savoy requested a continuance in order to allow Mr. Hudgins and Mr. Hamm adequate time to prepare for trial. At this point in the case, only three defendants, Savoy, Love, and Martin, had not plead guilty. Love and Martin agreed to a continuance to allow Savoy's new counsel time to prepare for trial. Thus, after making a finding that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendants in a speedy trial, the court granted the continuance and set the trial for March 6, 2006.

However, approximately one week before the March 6, 2006 trial date, Mr. Hamm, lead counsel for defendant Savoy, contacted this court and expressed concern that he would be unable to make the March 6, 2006 trial date because he was trying a case in Texas which had been delayed. Mr. Hamm informed this court that the Texas court was aware that the instant trial was scheduled to begin on March 6, 2006, but was unwilling to grant a continuance in the Texas trial. On February

28, 2006, this court held a conference call on the record with the government and counsel for all remaining defendants to discuss the situation. All parties agreed that a continuance would serve the ends of justice, and that their clients would be amenable to such a continuance. Based on these assurances, the government called off the approximately fifty witnesses that it had subpoenaed for this case. The court scheduled a hearing for March 6, 2006 to discuss the resolution of this matter in more detail.

However, on March 1, 2006, James Melton, counsel for defendant Love, informed this court that his client objected to a continuance on speedy trial grounds and asked this court to sever the case. On March 2, 2006, the court held an additional conference call on the record with counsel for all remaining parties to inform them that defendant Love objected to the proposed continuance. On March 6, 2006, the court held a hearing with regard to this matter at which Mr. Hudgins, local counsel for defendant Savoy, officially made his motion for a continuance, and Mr. Melton, counsel for defendant Love, made his motion to sever the case. For the reasons stated herein and on the record, the court finds that "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

## II. Discussion

The Speedy Trial Act provides that certain periods of delay shall be excluded in computing the time within which the trial of any such offense must commence. Subsection (h)(8)(A), which sets forth one of the excludable periods of delay, provides:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph

>shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

Subsection (h)(8) further provides "[t]he factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of subsection (h)(8):

>(I) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) or because the facts upon which the grand jury must base its determination are unusual or complex.
>(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Id. at 3161(h)(8)(B).

In addition, this subsection states that "[n]o continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." Id. at 3161(h)(8)(C).

Courts have explained that the "[t]he Speedy Trial Act's requirement that district courts set forth their reasons for granting an 'ends of justice' continuance serves two purposes":

> First, Congress wanted to ensure that a district judge would give careful consideration when balancing the need for delay against "the interest of the defendant and of society in achieving speedy trial." S.Rep. No. 1021, 93d Cong., 2d Sess. 39 (1974). Second, the requirement provides a record so that an appellate court may review the decision.

United States v. Jean, 25 F.3d 588, 594 (7th Cir. 1994)(quoting United States v. Brooks, 697 F.2d 517, 520 (3d Cir. 1982), cert. denied, 460 U.S. 1073 (1983)(Citations omitted)).

The Fourth Circuit has held that a section 3161(h)(8)(A) continuance is excluded from the speedy trial clock only "if it is clear from the record that the court conducted the mandatory balancing [set forth in subsection (h)(8)(A)] contemporaneously with the granting of the continuance [i.e. that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial] ." United States v. Keith, 42 F.3d 234, 237 (4th Cir. 1994) (Citations omitted). Furthermore, in conducting the balancing test, the court should take into consideration the four factors in section 3161(h)(8)(B) set forth above. However, these factors are not exclusive and "[t]he district court is [also] free to consider other factors." United States v. Matthews, 1993 U.S. App. LEXIS 28984, 5-6 (4th Cir. 1993)(unpublished). The Fourth Circuit reviews the district court's "ends of justice determination de novo and review[s] the district court's [factual] findings under the Speedy Trial Act . . . under the clearly erroneous standard." United States v. Keith, 42 F.3d 234, 236 (4th Cir. 1994)(citing United States v. Frey, 735 F.2d 350, 352 (9th Cir. 1984)).

In addition to the factors set forth in the Speedy Trial Act, the Supreme Court has set forth several factors for a court to consider in determining "whether a particular defendant has been deprived of his right [to a speedy trial]." Barker v. Wingo, 407 U.S. 514, 530 (U.S. 1972). These factors are: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." The Supreme Court explains:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.

Id. at 530-31.

Furthermore, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." Id. at 531.

With regard to prejudice to the defendant, the Supreme Court has identified three interests that a court should consider. These interests include the need: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." The Court explains that the last of these is the most important "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. at 532.

With regard to defendant Love's request to sever the case, "[t]he grant or denial of a motion for severance lies within the sound discretion of the trial court and its action on such motion will be overturned only when there has been a clear abuse of such discretion." United States v. Becker, 585 F.2d 703, 706 (4th Cir. 1978) (citing United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977); United States v. Truslow, 530 F.2d 257, 261 (4th Cir. 1975)). "The trial court must weigh the inconvenience and expense to the government and witnesses of separate trials against the prejudice to the defendants inherent in a joint trial, and its determination will not be disturbed unless the denial of a severance deprives the defendants of a fair trial and results in a miscarriage of justice." Id. (Citations omitted).

After considering the facts in the instant case, including the four factors set forth in section

6

3161(h)(8)(B), and the factors set forth by the Supreme Court in determining whether a defendant's right to speedy trial has been violated, this court finds "that the ends of justice served [by continuing the trial] outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). The court notes that the government argues that the speedy trial clock has not even begun because there are previously filed motions by defendants in this case on which the court has not ruled[1], including defendant Love's motion to suppress, which the court deferred ruling on because there was not sufficient evidence presented during the suppression hearing, and the court was of the opinion that it needed to hear from additional witnesses during trial, outside the presence of the jury. However, the court takes no position at this time as to the government's argument and bases its decision to grant the motion for a continuance on its ends of justice finding, which the court explains in detail below.

First, this is a complex drug conspiracy which involves twelve defendants. Although all but three of the defendants have plead guilty, the trial will involve vast amounts of evidence and approximately fifty witnesses. See United States v. Reavis, 48 F.3d 763, 770 (4th Cir. 1995)(defendant's speedy trial rights not violated when court granted government's motion for a two month continuance to avoid multiple trials in a complex drug conspiracy case that involved "six defendants, eight attorneys, a thirty-three count indictment, and the possibility of prosecution under a seldom-used federal death penalty statute", and the defendant was unable to show prejudice). The court has considered the option of severing the case as requested by defendant Love. However, such an option does not serve the ends of justice due to the undue burden and tremendous expense that

---

[1] The court has not ruled on these motions because, with the exception of defendant Love's motion to suppress, no one has asked that the court decide these motions.

severance would place on the government in having to try this complex conspiracy case twice.

Moreover, based on the assurances of defendant Love's counsel that the defendant would not object to the continuance, the government has already called off its fifty witnesses and will not be able to have the witnesses present for the scheduled trial date. Thus, if this court does not grant a continuance it would be nearly impossible for the government to proceed with the defendant's case. See United States v. Toth, 1996 U.S. App. LEXIS 19017 (4th Cir. 1996)(unpublished) (finding that period of delay resulting from defendant's request for a continuance could not be used to support defendant's claim that his right to a speedy trial had been violated).

In addition, the court finds that a continuance serves the ends of justice because defendant Love will not be prejudiced by a reasonable continuance of this case. Because he is currently on bond, he will not be subject to oppressive pretrial incarceration, nor any extraordinary stress based on such delay. Moreover, the court notes that defendant Love has set forth no argument as to how his defense would be impaired by a relatively brief continuance. In fact, the defendant may actually benefit from such delay as to allow his counsel to further prepare for trial and investigate the motion to suppress issue currently pending before this court.

Finally, the court must note that, although the court has previously continued this case based on the need to appoint new counsel for defendant Savoy, defendant Love cannot claim that he was prejudiced by such delay. In fact, the defendant agreed to such continuance, which, in turn, gave defendant Love's counsel the opportunity to ask this court for permission to travel to Memphis, Tennessee, at the expense of the government, to interview the defendant and witnesses with regard to the defendant's case. Defendant Love has since subpoenaed such witnesses to appear at trial, which adds to the complexity of the case and the need to try all defendant's simultaneously. Without

the original continuance, the defense would not have had the opportunity to conduct this additional investigation and may have needed to ask for a continuance itself had the court not already granted a continuance. Thus, defendant Love benefitted from the previous delay and cannot claim that he has been prejudiced as a result. Keith, 42 F.3d at 240 (finding that defendant cannot take advantage of a continuance when he agreed to the continuance and the continuance justified an ends of justice finding).

### III. Conclusion

In conclusion, in light of the totality of the circumstances, the court finds "that the ends of justice served [by continuing the trial] outweigh the interests of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Accordingly, the court **GRANTS** defendant Savoy's motion for a continuance and **DENIES** defendant Love's motion to sever the trial. A new trial date has been set for May 8, 2006. The court notes that if for any reason Mr. Hamm, defendant Savoy's retained counsel, again finds himself in the middle of trial in another case at the time that the instant trial is scheduled to begin or is otherwise unable to attend, Mr. Hudgins, defendant Savoy's local counsel, shall try the instant case.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 7, 2006